(100 South. 681)

No. 24612.

### G. A. KENNEDY & BRO. v. FARMERS' WAREHOUSE.

(May 12, 1924. Rehearing Denied by the Whole Court June 6, 1924.)

*(Syllabus by Editorial Staff.)*

Appeal and error ⬤⟿878(2)—Defendant held precluded from defending judgment on appeal on ground that it was not properly cited.

Defendant, who obtained a new trial after rendition of default judgment because not prop-erly cited, answered the suit, and did not appeal from the judgment rendered against it, could not defend the judgment, on plaintiff's appeal therefrom, on the ground that it was not properly cited.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by G. A. Kennedy & Bro. against the Farmers' Warehouse. From judgment giving him insufficient relief, plaintiff appeals. Affirmed as amended.

W. J. Carmouche, of Crowley, for appellant.

Philip S. Pugh, of Crowley, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit for the value of 6,401 rough rice bags.

The petition alleges that this number of bags were ruined by leakage of water through the roof of defendant's warehouse; that the ruined bags were worth $2,257.95 and the storage charge due by ·plaintiffs thereon was $34.50, leaving a balance due plaintiffs of $2,223.45, which sum is sued for as damages ex contractu, together with legal interest thereon from April 25, 1919.

The suit was filed November 5, 1919, and the sheriff's return shows that service was made November 10, 1919. No appearance was made nor answer filed, and on January 7, 1920, a preliminary default was entered. The defendant still failing to appear or answer, the default was confirmed, and judgment was rendered as prayed for on March 10, 1920. · Seven days after the rendition of the judgment, defendant filed a motion for a new trial, alleging therein that it had not been properly cited and that judgment was rendered against the Farmers' Warehouse, Inc., while the name of the defendant was the Farmers' Warehouse. The district judge, after a hearing on the motion, grant-

ed a new trial, and plaintiffs applied to this court for writs. A rule issued to show cause, but upon the return of respondent judge the rule was recalled and the writs applied for were refused. Thereafter defendant filed an answer to the petition, the case was regularly tried, and judgment was rendered in favor of the plaintiffs for $500. From this judgment plaintiffs appealed.

Plaintiffs contend that the lower court erred in granting a new trial and also erred in awarding plaintiffs judgment for a sum less than is claimed in the petition. As this court denied plaintiffs' application for remedial writs, we will only consider the quantum of damages which should be allowed.

The facts are that plaintiffs and the manager of defendant's warehouse reached an agreement for the receipt and storage of a large number of rough rice bags for a stipulated storage charge. The bags were to be delivered upon the order of plaintiffs. The bags arrived in two carload shipments and were stacked in the warehouse in the space designated for that purpose. A leak developed in the roof of the warehouse over the space occupied by some of the bags, and the water from this leak saturated and rotted approximately 6,000 bags, the value of which was $2,257.95.

We have read the testimony carefully and have reached the conclusion that the facts as we have stated them are fully established.

The defense is that defendant was not properly cited, and, while some of plaintiffs' sacks were damaged, the demand is for a larger amount than defendant is responsible for.

As to the first defense, defendant obtained a new trial, answered the suit, and has not appealed from the judgment rendered against it. As to the second defense, the preponderance of the testimony is in favor of the plaintiffs.

For these reasons we are of the opinion that the judgment appealed from should be amended, and that plaintiffs should have judgment for $2,223.45, with legal interest thereon from April 25, 1919, and as thus amended it is ordered that the judgment of the lower court be affirmed, at appellee's cost.